POWELL, Estate of, In re.

Probate Court, Franklin County.

No. 184418.    Decided July 23, 1959.

Robert E. Albright, Columbus, for exceptors.
Mark McElroy, Atty. Genl., Theodore J. Stubbs, Asst. Atty. Genl., Columbus, for the Tax Commissioner.

## OPINION

By WALCUTT, J.
This matter comes before the Court on exceptions to the determination of inheritance tax, and goes primarily to the amount of the inheritance of certain individuals to be exempted from the succession tax and the rate to be applied to determine the amount of the tax.

John E. Powell died testate in the County of Franklin on the eighth day of August, 1958, and his estate is being administered in this Court.

The decedent married Daisy Adams on the 21st day of July, 1925. Mrs. Adams had a child, Virginia E. Adams, who was nineteen years of age at that time. Two years after the marriage of her mother she was married and is the mother of one child, Nancy E. Lamb. Mrs. Powell preceded her husband in death.

On December 20, 1955, Mr. Powell filed in the Probate Court of this County a designation of heirship, designating and appointing Virginia Eleanor Lamb, the daughter of Daisy Powell Lamb, then living in Pittsburgh, Pennsylvania, to "stand toward me, in the event of my death, in the relation of a daughter and heir-at-law." Appropriate entry was filed on the same day.

On the same day, to-wit, December 20th, 1955, the decedent made a similar designation of Nancy Elizabeth Lamb, the granddaughter of Daisy Adams Powell, to stand toward him in the event of his death in the relation of a daughter and heir-at-law, with an appropriate entry.

In the determination of the succession tax the value of the succession accruing to Virginia E. Lamb was fixed at $40,742.78, as to which there was no exemption allowed. Similarily as to Nancy E. Lamb the amount was fixed at $16,819.13, with no exemption.

Counsel for Virginia E. Lamb and Nancy E. Lamb thereupon filed exceptions to the determination of inheritance tax, claiming that:

1. The Court erred in finding and determining as to Virginia E. Lamb, a person recognized by the decedent as an adopted child and designated by him as an heir under §2105.15 R. C.; that as to Virginia E. Lamb there was no exemption and that the succession passing to Virginia E. Lamb would be taxed as property passing under the Fourth Class at seven per cent, for the reason that Virginia E. Lamb was a designated heir under §2105.15 R. C., and qualifies under the Second Class as set forth in §5731.09, paragraph B, R. C., and is entitled to a $3,500.00 exemption and on the first $25,000.00 or part thereof after deducting the exemption is subject to a one per cent. tax and on the next $75,000.00 or part thereof a two per cent. tax.

2. The Court erred in finding and determining as to Nancy E. Lamb, a person recognized by the decedent as an adopted child and designated by him as an heir under §2105.15 R. C.; that as to Nancy E. Lamb there was no exemption and that the succession passing to Nancy E. Lamb would be taxed as property passing under the Fourth Class at seven per cent. for the reason that Nancy E. Lamb was a designated heir under §2105.15 R. C., and qualifies under the Second Class as set forth in §5731.09, paragraph B, R. C., and is entitled to a $3,500.00 exemption and on the first $25,000.00 or part thereof after deducting the exemption is subject to a one per cent. tax and on the next $75,000.00 or part thereof a two per cent. tax.

Praying that a new determination of the inheritance tax be made and for such other and further relief as may be just and equitable.

Sec. 2105.15 R. C., which is the section of the statutes providing for the designation of an heir-at-law and prescribing the procedures to be followed, provides, in part, as follows:

* * * Thence forward the person designated will stand in the same relation, for all purposes, to such declarant as he could if a child born

in lawful wedlock. The rules of inheritance will be the same between him and the relations by blood of the declarant, as if so born * * *

There is no question raised as to the validity of the designation by John E. Powell of Virginia E. Lamb and Nancy E. Lamb as his heirs-at-law.

Sec. 2107.34 R. C., to which reference will be made later, provides in part:

If, after making a last will and testament, the testator * * * designates an heir in the manner provided by §2105.15 R. C., * * * the will shall not be revoked, but unless it appears by such will that it was the intention of the testator to disinherit such pretermitted child or heir, the devises and legacies granted by such will shall be abated proportionately, or in such other manner as is necessary to give effect to the intention of the testator as shown by the will so that such pretermitted child or heir will receive a share equal to that which such person would have been entitled to receive out of the estate if such testator had died intestate. * * *

Sec. 5731.09 R. C., which provides for family exemptions in the assessment of the succession tax, provides that:

(B) When the property passes to or for the use of a father, mother, husband, adult child or other lineal descendant of the decedent, or an adopted child, or person recognized by the decedent as an adopted child and designated by such decedent as an heir under a statute of this or any other state or country, or the lineal descendants thereof * * *the exemption shall be three thousand five hundred dollars.

(C) of the same section of the statute, provides:

(C) When the property passes to or for the use of * * * any child to whom the decedent, for not less than ten years prior to the succession stood in the mutually acknowledged relation of a parent, the exemption shall be five hundred dollars.

Sec. 5731.12 (A) R. C., provides:

(A). On succession passing to any person included in divisions (A) and (B) of §5731.09 R. C.

(1) One per cent of the value of the property transferred up to and including the first twenty-five thousand dollars in excess of the exemptions provided by such section;

(2) Two per cent of the value of the property transferred up to and including one hundred thousand dollars in excess of twenty-five thousand dollars; * * *

(B) of §5731.12 R. C., provides:

On successions passing to any person included in divisions (C) of such section:

(1) Five per cent of the value of the property transferred up to and including the first twenty-five thousand dollars in excess of the exemption provided by such section;

(2) Six per cent of the value of the property transferred up to and including one hundred thousand dollars in excess of twenty-five thousand dollars: * * *

We do not believe, in light of the conclusion we have reached, that the section providing for the exemptions to a person standing in the

relation of a child to a parent for a period of ten years applies to this case and it will, therefore, be disregarded.

The only question it seems to the Court that needs to be decided is whether the decedent, John E. Powell, recognized Virginia Lamb as an adopted child **and** designated her as an heir-at-law under the statutes of this state.

As we have said before, there can be no question as to the validity of the designation of Virginia E. Lamb and Nancy E. Lamb as heirs-at-law of John E. Powell.

We are quite well aware of the fact that the tax laws are to be strictly construed against the state and their meaning is not to be extended beyond the clear import of the language used. **In re Estate of Lackman, 26 Oh St 210.**

**55 Oh St 91, Cincinnati v. Conner,** lays down the law:

The rule generally prevails that, independent of any legislative requirements on the subject, imposing taxes and public burdens of that nature are to be strictly construed, and where there is ambiguity which raises a doubt as to the legislative intent, that attitude must be resolved in favor of the subject or the citizen upon whom the burden is sought to be imposed.

Likewise, it has been repeatedly held that:

One seeking to have property exempted from taxation has the burden of showing that his property comes squarely within the exemptions provided by law. **90 Oh Ap 17, In re Estate of Salisbury.**

In the matter of the **Estate of Taylor, 139 Oh St 417, Syllbaus 1,** holds:

The right to exemption from taxation must appear with reasonable certainty in the language of the Constitution or valid statutes and must not depend upon a doubtful construction of such language.

And to like effect in **Cemetery Association v. Evatt, 143 Oh St 399,** where in syllabus 1, it is stated:

Taxation of property is the rule and exemption the exception. Language which relieves from taxation is to be strictly construed and property which is claimed to be exempt from the payment of taxes must come squarely within the exemption of the law.

There are many similar holdings. In this case we do not believe that the two conceptions of taxation laws present any particular difficulty. The burden is, of course, upon the person claiming the exemption to establish it. But where the language is clear there is no presumption that it does not mean exactly what it says.

The section on the designation of an heir-at-law gives to that heir so far as the property of the declarant is concerned all of the rights and privileges of children born in lawful wedlock.

The question, of course, arises immediately as to how he could have all of the rights of an heir born to the decedent in lawful wedlock and still not be entitled to the exemptions granted in the statutes imposing a succession tax, if he has been designated as an heir-at-law.

The section on pretermitted heirs supports this view, because the designated heir-at-law occupies the same position exactly as a natural born child would where the will was made prior to the designation.

Did John E. Powell recognize Virginia E. Lamb as his adopted daughter and Nancy E. Lamb as his grandchild?

It is true that he did not, according to the testimony, at any time say in so many words, "I regard Virginia Lamb as my adopted daughter." He did, however, upon numerous occasions, testified to by reliable witnesses, introduce her as his daughter. Whenever she returned to the city of Columbus after her marriage and social functions were held, she was listed in the newspapers as the daughter of Mr. and Mrs. John E. Powell. Persons in close contact with them, intimately acquainted with them, testify that he never referred to Virginia Lamb in any other manner than as his daughter. The decedent was in the office of Lawrence Edwin Hughes on the day on which he made the designation of heir-at-law, and he (Powell), stated to the witness, in substance, "Virginia Lamb is not my real daughter, but I have always treated her as my daughter and she has always treated me as her father." He further said that when he was sick in his later years Virginia has come over from Pittsburgh to take care of him, and he wanted to be sure that her interests were being protected.

Counsel for the tax commissioner calls attention to the fact that the decedent did not in his will designate Virginia Lamb as his daughter. This is true. But we do not think it was necessary that he do so. It might have made the case here stronger for the designated heirs had he done so. But we do not believe that it was essential to the establishment of the relationship.

The evidence further shows that when Virginia Lamb was married and had a daughter of her own, John E. Powell, the decedent, always regarded her and treated her as his granddaughter; that he did not want her to know that she was not actually his granddaughter; and the testimony further indicates that she did not know and does not now know that she is not the actual granddaughter of John E. Powell.

Another witness, Mr. Hartman, who knew Daisy Adams and Virginia Adams long before the marriage of the mother to John Powell, stated that he knew them intimately, that he had been in their home, as they had been in his; that he had spent vacations at Walloon Lake with the family; and that he never heard Virginia Lamb refer to John Powell other than as her father, or him to her as other than his daughter.

Mrs. Lamb herself testifies to the fact that, although she was employed, Mr. Powell contributed to her support. She says that when she was married the invitations and the announcements were sent out by John E. Powell and Daisy Adams Powell, and she was referred to therein and in the accounts in the social columns of the newspapers as the daughter of Mr. and Mrs. John E. Powell.

She produced then a great number of newspaper articles and letters. In the letters always Virginia Lamb was designated as his daughter; he signed his letter as "father." Nancy Powell was referred to as his granddaughter, and she knew him as "gramp" and as "grandpa," and that he treated her as any grandfather would treat a grandchild born to his own child.

No evidence has been produced to contradict these statements. No evidence has been produced to show that John Powell ever regarded

554

Virginia Lamb other than as his daughter, whether natural or adopted, and Nancy Powell as his granddaughter.

True it is that Virginia Lamb was not adopted. Why she was not adopted does not appear. We cannot now tell what actuated the decedent in his failure to go through the proceeding of adoption.

It is also true that she is an adult, and as an adult could not be adopted, but, of course, she was not an adult when her mother married the decedent and she could have been adopted before that time. But she was not. However, she could have been regarded as an adopted daughter, and we feel that she was so regarded.

We are not inclined to think that it was necessary for the decedent, in presenting her to other people and in all his other relations with her, to refer to her as one whom he regarded as his adopted child. An adopted child is actually the child of the adopting parent. And if he referred to her as his daughter consistently and persistently, we feel that, whether adopted or natural, the relationship was established.

The Court is constrained to hold that the exceptor, Virginia E. Lamb, comes squarely within the provisions of one regarded as an adopted child and designated as an heir-at-law.

As to Nancy E. Lamb, we agree with counsel for the Tax Commissioner that

it is admitted that Nancy E. Lamb, who is a daughter of Virginia E. Lamb, would be entitled to the exemption, if her mother qualified for the exemption, by reason of being "a lineal descendant thereof" as provided in §5731.09 (B) R. C.

We hold that the mother is entitled to the exemption, and, therefore, Nancy E. Lamb, her daughter is likewise entitled to it.

The exceptions are sustained.

Counsel will prepare the appropriate entry.